# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ACKERMAN MCQUEEN, INC., MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, and JESSE GREENBERG,<br>    *Movants.*<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA and WAYNE LA PIERRE,<br>    *Respondents* | Miscellaneous Case No. A20MC149 LY<br><br>Related to Civil Action No. 3:19-cv-02074-G (N.D. Tex.) |

## RESPONDENT NATIONAL RIFLE ASSOCIATION OF AMERICA'S OPPOSITION TO MOVANTS' MOTION TO QUASH THIRD-PARTY SUBPOENA

### I.

### BACKGROUND AND ARGUMENT

Respondent National Rifle Association of America ("NRA") incorporates by reference as if fully set forth herein, its Response and Objection to Movants' Motion to Quash Third-Party Subpoenas,[1] as its opposition to Movants' Motion to Quash Third-Party Subpoena to Integris Health, Inc. For the reasons set forth therein, Movants' repetitive Motion to Quash should be denied, or in the alternative, should be transferred to the United States District Court for the Northern District of Texas for resolution.

---

[1] *Ackerman McQueen Inc., et al., v. National Rifle Association of America, et al.,* Case No. 5:20-mc-00001-HE (W.D. Ok.), Respondent National Rifle Association of America's Response and Objection to Movants' Motion to Quash Third-Party Subpoenas [Doc. No. 1], ECF No. 6, filed February 21, 2020.

1

By way of background, the NRA first attempted to serve a third-party subpoena upon Integris Health, Inc., on January 28, 2020.[2] Unfortunately, the NRA inadvertently addressed this initial subpoena to the incorrect address, and therefore the subpoena was never properly served.[3] Movants, however, filed a Motion to Quash the January 28th subpoena on February 7, 2020, with this Court.[4] The NRA then filed its Response and Objection dated February 21, 2020.[5] On February 25, 2020, this Court appropriately transferred the matter to the United States District Court for the Northern District of Texas, where the underlying case is being litigated.

The NRA thereafter issued an Amended Subpoena to Integris Health, Inc., amended only to include the correct service address, and served it on Integris Health on February 20, 2020.[6] Movants have now essentially refiled their Motion to Quash the NRA's third-party subpoena to Integris Health, Inc.,[7] raising identical arguments as those raised in its initial Motion.[8] Thus, the NRA responds to Movants' unnecessary and repetitive Motion to Quash by fully incorporating the arguments already raised before this Court, and set forth in the NRA's Response in Opposition to Movants' Motion to Quash, as if fully set forth herein.

In general, Movants again contend that the subpoena is overbroad, seeks irrelevant and confidential information, and subjects the recipient, Integris Health, Inc., to undue burden. Notably, Integris Health, Inc., **has not** filed an objection based on undue burden or otherwise. As

---

[2] *See* Subpoena to Produce Documents to INTEGRIS Health, Inc., attached hereto as Exhibit ("Ex.") 1.

[3] *See* Proof of Service for Subpoena to INTEGRIS Health, Inc., showing failure to serve subpoena due to "insufficient" address, attached hereto as Ex. 2.

[4] *See* Motion to Quash Third-Party Subpoenas, ECF No. 1, filed February 7, 2020.

[5] *See* Respondent National Rifle Association of America's Response and Objection to Movants' Motion to Quash Third-Party Subpoenas [Doc. No. 1], ECF No. 6, filed February 21, 2020.

[6] *See* Proof of Service of Amended Subpoena to Integris Health, Inc., showing service to the company was achieved on February 20, 2020, attached hereto as Ex. 3.

[7] *See* Motion to Quash Third Party Subpoena on Integris Health, Inc., ECF No. 8, filed March 3, 2020.

[8] *See* Motion to Quash Third-Party Subpoenas, ECF No. 1, filed February 7, 2020.

set forth more fully in the NRA's Response in Opposition to Movants' Motion to Quash, Movants, however, do not have standing to challenge this subpoena in the first place, and their arguments are unsupported.

This Court should abide by its previous ruling transferring the initial Motion to Quash to the Northern District of Texas for resolution.[9] As stated in the Honorable Judge Joe Heaton's February 25th Order, this Court found "exceptional circumstances" existed to allow the United States District Court to transfer the case "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."[10]

The same exceptional circumstances apply to the identical subpoena to Integris Health, Inc., issued on February 20, 2020. As set forth more fully in the NRA's response in opposition to Movants' first Motion to Quash, and as rightfully acknowledged in this Court's February 25th Order, the United States District Court for the Northern District of Texas has the greatest familiarity with the underlying case. The Northern District of Texas is also presently considering various Motions to Quash other subpoenas, motions to compel discovery, and a motion to dismiss. For the same reasons that transfer of the first Motion to Quash was appropriate, transfer of the present repetitive motion is appropriate under the exceptional circumstances equally and still present here. As stated in the February 25 order, "[i]n the absence of objection to compliance from the subpoena recipient[], and as the remaining issues appear to be tied closely to relevance or other

---

[9] *See* J. Heaton's Order in *Ackerman McQueen Inc., et al., v. National Rifle Association of America, et al.,* Case No. 5:20-mc-00001-HE (W.D. Ok.), ECF No. 7, dated February 25, 2020.

[10] *See id.*

related issues in the case," this Court should likewise conclude that "there are exceptional circumstances here within the meaning of Rule 45."[11]

## II.

## CONCLUSION

For the reasons set forth above, Respondent respectfully requests the Court transfer the repetitive Motion to the Northern District of Texas or deny the Motion or, if necessary, modify the subpoena. Respondent further requests that this Court award its attorneys' fees and costs incurred in responding to this unnecessary Motion, and any other relief which the Court deems proper.

Dated:  March 24, 2020                      Respectfully submitted,

**LYTLE, SOULE & FELTY, P.C.**

By: */s/Matthew K. Felty*
    Matthew K. Felty, OBA #31057
    1200 Robinson Renaissance
    119 N. Robinson Avenue
    Oklahoma City, OK 73102
    Telephone: (405) 235-7471
    Facsimile: (405) 232-3852
    mkfelty@lytlesoule.com

**ATTORNEY FOR RESPONDENTS NATIONAL RIFLE ASSOCIATION OF AMERICA AND WAYNE LAPIERRE**

---

[11] *See* J. Heaton's Order in *Ackerman McQueen Inc., et al., v. National Rifle Association of America, et al.,* Case No. 5:20-mc-00001-HE (W.D. Ok.), ECF No. 7, dated February 25, 2020.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel of record on this 24th day of March 2020.

By: */s/Matthew K. Felty*
Matthew K. Felty